UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 25cr10188 |
| v. | Violation: |
| MILENDOPHE DUPERIER and VANESSA JOSEPH, | Count One: Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349) |
| Defendants | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant MILENDOPHE DUPERIER ("DUPERIER") lived in Randolph, Massachusetts. DUPERIER acted as an investment advisor, soliciting investments from individuals and advising them that their funds would be invested in the securities markets.

2. Defendant VANESSA JOSEPH ("JOSEPH") lived in Randolph, Massachusetts and was DUPERIER's girlfriend and/or fiancé and his business partner.

3. BITWC LLC ("BITWC") was a Massachusetts limited liability company that was registered on or about September 11, 2019. DUPERIER was the resident agent and sole manager of BITWC, which, pursuant to its certificate of organization, was established to provide business management, marketing, and multimedia services.

4. Envie Company, Inc. ("Envie") was a Massachusetts corporation that was incorporated on or about January 10, 2019. JOSEPH was the registered agent and sole

1

officer/director of Envie, which, pursuant to its articles of organization, was established to provide management, marketing, and multimedia services.

5. Lens Memories, Inc. ("Lens Memories") was a Massachusetts corporation that was incorporated on or about January 6, 2017. JOSEPH was the registered agent and sole officer/director of Lens Memories, which, pursuant to its articles of organization, was established to provide fashion, wedding, and travel photography services.

6. Victim A lived in Malden, Massachusetts and invested funds with DUPERIER and JOSEPH.

7. Victim B lived in Melrose, Massachusetts and invested funds with DUPERIER and JOSEPH.

Overview of the Conspiracy

8. From in or around early 2018 through in or around at least December 2022, DUPERIER and JOSEPH conspired with each other and with others known and unknown to defraud dozens of individual investors, including Victim A and Victim B, by falsely representing that DUPERIER would use the entirety of the individuals' investments to purchase securities.

9. Instead of investing all of these individuals' funds in the securities markets as promised, DUPERIER and JOSEPH used the funds in part to pay prior investors and for personal purchases and expenses, including the purchase of luxury vehicles and to make mortgage and credit card payments.

10. In total, DUPERIER and JOSEPH defrauded individual investors, some of whom had invested their life savings with DUPERIER and JOSEPH, of more than $3 million.

11. As a further part of the conspiracy, DUPERIER and JOSEPH applied for and obtained small business loans for various entities, including Envie and Lens Memories, and used the loan proceeds to pay purported investment returns to victim investors.

12. As part of and to conceal the conspiracy, DUPERIER made false statements and excuses to investors as to why he had not made promised interest payments and/or could not return their principal.

### Object and Purpose of the Conspiracy

13. The object of the conspiracy was to commit wire fraud by, among other things, obtaining funds from individual investors, falsely promising that the funds would be invested in the securities markets, while secretly engaging in a Ponzi scheme—paying earlier investors with funds solicited from later investors—and siphoning investor funds for personal use.

14. The principal purpose of the conspiracy was to enrich DUPERIER and JOSEPH personally and to avoid detection of the Ponzi scheme by investors, law enforcement, and others.

### Manner and Means of the Conspiracy

15. Among the manner and means by which DUPERIER and JOSEPH carried out the conspiracy were the following:

   a. soliciting investments from individual investors and falsely advising investors that all of their funds would be invested in the securities markets;

   b. directing investors to make checks payable to BITWC and/or DUPERIER personally;

   c. falsely promising investors exorbitant returns on their investments;

    d.    preparing and executing loan agreements and/or promissory notes pursuant to which DUPERIER and JOSEPH promised to repay investors' principal amount in addition to monthly interest payments;

    e.    using newly obtained investor funds to pay the interest payments promised to prior investors; and

    f.    obtaining more than $1 million in small business loans for various entities and using the funds in part to pay investors purported investment returns.

<u>Acts in Furtherance of the Conspiracy and the Scheme to Defraud</u>

16.    From in or around early 2018 through in or around at least December 2022, DUPERIER and JOSEPH committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

17.    In or around April 2020, DUPERIER and JOSEPH solicited an investment from Victim A, promising to invest his funds in the securities markets, pay interest monthly, and return the principal.

18.    On or about May 2, 2020, DUPERIER deposited two checks from Victim A totaling approximately $25,000 into a BITWC bank account, and on or about May 4, 2020, once Victim A's checks had cleared, DUPERIER withdrew five checks, totaling approximately $10,500, from the BITWC account made payable to other investors.

19.    On or about March 29, 2021, after applying for a small business loan to Envie and receiving approximately $7,192 in loan funds to pay Envie's business expenses and payroll, JOSEPH withdrew five checks, totaling approximately $14,750, from an Envie bank account made payable to individuals who had invested funds with DUPERIER and JOSEPH.

20. In or around June 2021, after applying for a loan to Lens Memories and receiving approximately $350,000 in loan funds meant (a) to assist small businesses that suffered substantial economic injury as a result of the COVID-19 pandemic, and (b) to be used for certain business expenses, JOSEPH withdrew 27 checks, totaling more than $100,000, from a Lens Memories bank account made payable to individuals who had invested funds with DUPERIER and JOSEPH.

21. In or around April 2022, DUPERIER and JOSEPH solicited an investment from Victim B, promising to invest his funds in the securities markets, pay interest monthly, and return the principal.

22. On or about April 11, 2022, DUPERIER deposited a check from Victim B in the amount of $100,000, with a notation in the memo field that read "for loan/investment," into a BITWC bank account, and over the next several days, using funds from the same account, DUPERIER made payments to other investors totaling approximately $74,040 and also paid various credit card bills, made a payment on an auto loan, and withdrew cash from the account.

23. DUPERIER later falsely represented to Victim A that DUPERIER could not make promised interest payments because the war in Ukraine had negatively impacted the stock market.

## COUNT ONE
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

The United States Attorney charges:

24. The United States Attorney re-alleges and incorporates by reference paragraphs 1-23 of this Information.

25. From in or around early 2018 through in or around at least December 2022, in the District of Massachusetts and elsewhere, the defendants,

**MILENDOLPHE DUPERIER and
VANESSA JOSEPH,**

conspired with each other and with others known and unknown to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

26. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count One of this Information, the defendants,

MILENDOLPHE DUPERIER and
VANESSA JOSEPH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

  a. at least approximately $3,011,705 in United States currency, to be entered in the form of a forfeiture money judgment;

27. If any of the property described in paragraph 26, above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 26 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY<br>
United States Attorney

By: _____
MACKENZIE A. QUEENIN
LESLIE A. WRIGHT
Assistant U.S. Attorneys

Date: May 19, 2025